John A. ANDERSON, Appellant,

v.

ALASKA BAR ASSOCIATION, Appellee.

No. S–11215.

Supreme Court of Alaska.

May 14, 2004.

John A. Anderson, pro se, Anchorage.

Mark Woelber, Assistant Bar Counsel, Alaska Bar Association, Anchorage, for Appellee.

Before: BRYNER, Chief Justice, MATTHEWS, EASTAUGH, FABE, and CARPENETI, Justices.

*OPINION*

PER CURIAM.

Anderson filed a grievance with the Alaska Bar Association alleging various instances of attorney misconduct. After taking preliminary steps, Bar Counsel decided that a formal investigation was not warranted and so notified Anderson. When Anderson sought reconsideration, Bar Counsel forwarded the file to Board Discipline Liaison to review. Board Discipline Liaison concurred in Bar Counsel's decision not to open an investigation.

---

Each of the above steps was authorized and taken pursuant to Bar Rule 22(a). What Anderson did next is not covered by any rule. He filed a "Notice of Appeal from Administrative Agency" with the superior court, seeking review of the decision not to open a formal investigation of the grievance that he had filed. On motion of the Bar Association the superior court dismissed the appeal. Anderson then appealed to this court, urging that we review the Bar Association's decision not to accept the grievance for investigation.

In an order dated February 24, 2004, we affirmed the order of the superior court on the ground that the superior court lacks jurisdiction to hear appeals from the Alaska Bar Association concerning lawyer disciplinary matters. But we also concluded that grievance-closing decisions under Bar Rule 22(a) may, upon timely request of a complainant, be reviewed by this court. We based this conclusion on the presumption of reviewability pertaining to all final administrative orders, and the inherent authority of this court to regulate the practice of law. We called for further briefing on the question whether Bar Counsel abused his discretion in determining that the allegations contained in the grievance did not warrant an investigation.[1]

The additional briefing is now complete. Based on our review of the parties' arguments and the record, we conclude that Bar Counsel did not abuse his discretion in declining to accept the grievance for investigation. This proceeding is therefore DISMISSED.

### Order

1. The order of the superior court of August 23, 2003, dismissing this case is AFFIRMED because the superior court lacks jurisdiction to hear appeals from the Alaska Bar Association concerning lawyer disciplinary matters.

2. Although the Bar Rules do not provide for supreme court review of decisions of the board discipline liaison when the liaison affirms the decision of bar counsel not to accept a grievance for investigation under Bar Rule 22(a), such review is appropriate. All final administrative actions are presumed to be reviewable. *State, Dep't of Fish & Game v. Meyer*, 906 P.2d 1365, 1370 (Alaska 1995). A case-closing decision rejecting a grievance for investigation is a final administrative action by the Alaska Bar Association. *See id.* at 1370–72. As an adjunct of the judicial power vested in it by article IV, section 1 of the Alaska Constitution, this court has the inherent authority to regulate the practice of law which encompasses the power to discipline members of the Alaska Bar Association. *Citizens Coalition for Tort Reform, Inc. v. McAlpine*, 810 P.2d 162, 165 (Alaska 1991).

3. In light of the presumption of reviewability and the court's inherent authority, we conclude that grievance-closing decisions under Bar Rule 22(a) may, upon timely request of a complainant, be reviewed by this court. The standard of review should be deferential, namely, whether bar counsel abused his or her discretion in determining that the allegations contained in the grievance do not warrant an investigation. *See Vick v. Board of Electrical Examiners*, 626 P.2d 90, 93 (Alaska 1981).

4. Appellant describes the substance of his grievance in his opening brief filed November 3, 2003. On or before March 25, 2004, the Alaska Bar Association shall file a brief in support of bar counsel's decision not to accept the grievance for investigation and the affirmance of that decision by board discipline liaison. If deemed necessary, the bar association may submit a confidential disciplinary file as an appeal record.

5. The appellant shall have twenty days after receipt of the bar association's brief within which to file a reply brief.

Entered at the direction of the full court.

---

1. The order of February 24, 2004, is appended to this opinion.